# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LORENZO LARESE SANDERS,

    Petitioner,                                   Civil No. 2:07-CV-12843
                                                          HONORABLE LAWRENCE O. ZATKOFF
v.                                                         UNITED STATES DISTRICT JUDGE

BLAINE C. LAFLER,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Lorenzo Larese Sanders ("petitioner"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction and sentence for assault with intent to murder, M.C.L. 750.83, felon in possession of a firearm, M.C.L. 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), M.C.L. 750.227b. For the reasons stated below, the petition for a writ of habeas corpus is **DENIED.**

### I. Background

Petitioner was convicted of the above charges following a jury trial and sentenced to 18 to 30 years in prison. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *See Long v. Stovall,* 450 F. Supp. 2d 746, 749 (E.D. Mich. 2006):

> [T]here was testimony that the victim, Kenneth Jackson, had some "run-ins" with defendant's family approximately eleven or twelve years ago, and he had not seen defendant since then until a couple of days before the incident. Before the incident, the victim was driven to the unfamiliar area by defendant and Chauncey Jackson.

1

> The victim fell asleep in the front passenger seat of the car, and, when he woke up, Jackson was gone and defendant was standing outside, directing him to exit the vehicle. When defendant got out of the vehicle and put on his jacket, defendant shot the victim in the back and fired four or more shots. As the victim was struggling with defendant and trying to run away for his life, he heard two voices, possibly over a cell phone, and one of the voices was saying, "did you get him[?]" After the incident, the victim told the officers that defendant and Jackson shot him.

*People v. Sanders,* No. 257401, * 2 (Mich.Ct.App. June 28, 2002). The Michigan Supreme Court denied Petitioner leave to appeal the Michigan Court of Appeals decision. *People v. Sanders*, 476 Mich. 855 (2006).

Petitioner now seeks habeas relief on the following grounds:

I.  Mr. Sanders is entitled to re-sentencing where his sentence was improperly and unconstitutionally enhanced on the basis of unproven allegations, and where his minimum sentence constitutes a departure from the correct sentencing guidelines score.

II. Defendant was denied a fair trial where the prosecutor bolstered witness'(sic) false testimony and failed to impeach witness.

III. The failure of defendant's trial attorney to object to several errors during the course of trial was a "deficient performance" which deprived defendant of his Sixth and Fourteenth Amendment rights to the effective assistance of counsel.

IV. The cumulative effect of the errors denied defendant a fair trial. US CONST AM XIV; Mich const art 1 §17.

## II. Standard of Review

28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal

>       law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III.  Discussion

#### A.  Claim # 1.  The sentencing claims.

Petitioner contends that the trial court incorrectly scored offense variables 12 and 14 of the Michigan Sentencing Guidelines. Petitioner further contends that the trial court violated his Sixth Amendment right to a trial because the trial court used facts which had not been proven beyond a reasonable doubt before a jury in scoring these guidelines. Respondent claims that by failing to object at sentencing, Petitioner has not preserved his sentencing claims and that regardless of this procedural bar, the sentencing claims are not cognizable and without merit. The Court agrees.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual

3

prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In this case, the Michigan Court of Appeals clearly indicated that by failing to object at trial, petitioner had not preserved his sentencing claims. The fact that the Michigan Court of Appeals engaged in plain error review of petitioner's claims does not constitute a waiver of the state procedural default. *Seymour v. Walker,* 224 F. 3d 542, 557 (6th Cir. 2000). Instead, this Court should view the Michigan Court of Appeals' review of petitioner's claim for plain error as enforcement of the procedural default. *Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001). The Court therefore concludes that Petitioner's claims are procedurally defaulted.

Moreover, petitioner's sentencing claims are without merit. In reviewing petitioner's claim for plain error, the court found that there was no plain error in the scoring of the variables. The Court of Appeals did find error in the scoring of Offense Variable ("OV") 12, which added one

4

point to Petitioner's sentencing range; however, this did not impact the overall OV level:

> Accordingly, we conclude that the trial court erred in scoring one point for OV 12. However, even with the correction of defendant's OV 12 score to zero, the deduction of one point from the total OV score does not impact the overall OV level. Because the correct scoring of OV 12 would not change defendant's OV level or recommended minimum sentence range, any errors are harmless.

*People v. Sanders,* No. 257401, * 2 (Mich.Ct.App. June 28, 2002).

Furthermore, a sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Friday v. Pitcher,* 200 F. Supp. 2d 725, 744 (E.D. Mich. 2002). Petitioner's sentence of eighteen years to thirty years in prison was within the statutory limits for the offense of assault with intent to murder. A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000); *Friday,* 200 F. Supp. 2d at 744.

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is a state law claim. *See McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Therefore, any error by the trial court in calculating his guideline score would not merit habeas relief. *Id.*

Petitioner, however, also contends that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score his sentencing guidelines which had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner. In support of his claim, petitioner relies on the case of *Blakely v. Washington,* 542 U.S. 296 (2004)*,* in which

5

the U.S. Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

The problem with petitioner's reliance on *Blakely* is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. See *People v. Drohan,* 475 Mich. 140, 160-61; 715 N.W. 2d 778 (2006); *cert. den. sub nom Drohan v. Michigan,* 127 S. Ct. 592 (2006); *People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004)(both citing M.C.L.A. 769.8). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan,* 475 Mich. at 161. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W. 2d 231 (2003)(citing M.C.L.A. 769.34(2)). Accordingly, while a trial judge sets the minimum sentence in the Michigan system, the trial judge can never exceed the maximum sentence. *Claypool,* 470 Mich. at 730, n. 14.

The decision in *Blakely v. Washington* has no application to petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. Michigan's indeterminate sentencing scheme is therefore unaffected by the U.S. Supreme Court's holding in *Blakely. Drohan,* 475 Mich. at 164. Because *Apprendi* and *Blakely* do not apply to indeterminate sentencing schemes like the

one used in Michigan, the trial court's calculation of petitioner's sentencing guidelines range did not violate Petitioner's Sixth Amendment rights, so as to entitle him to habeas relief. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007). Finally, as petitioner's sentence was within the statutory limits for the crime of assault with intent to murder, this Court will not set the sentence aside. *Friday,* 200 F. Supp. 2d at 745.

For the foregoing reasons, the Court concludes that Petitioner is not entitled to habeas relief on his sentencing claims.

### B.   Claims # 2 and # 3.   The Ineffective assistance of counsel and prosecutorial misconduct claims.

In his second claim, petitioner contends that he was deprived of a fair trial because of prosecutorial misconduct. In his related third claim, petitioner claims that counsel was ineffective for failing to object to the prosecutorial misconduct. For purposes of judicial economy, this Court will address petitioner's prosecutorial misconduct claim along with his ineffective assistance of counsel claim. *See Millender v. Adams,* 187 F. Supp. 2d 852, 874 (E.D. Mich. 2002).

Petitioner claims that the prosecutor permitted the victim to commit perjury at petitioner's trial and that his trial counsel was ineffective for failing to object to perjured testimony presented at trail. Respondent contends that petitioner's prosecutorial misconduct claims are procedurally defaulted because petitioner failed to object to the alleged misconduct at trial. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claim, however, it would be more prudent to consider the merits of the claim. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

7

The deliberate deception of a court and jurors by the presentation of known and false evidence is incompatible with the rudimentary demands of justice. *Giglio v. United States*, 405 U.S. 150, 153 (1972). There is also a denial of due process when the prosecutor allows false evidence or testimony to go uncorrected. *Napue v. Illinois*, 360 U.S. 264, 269 (1959)(internal citations omitted). To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew they were false. *Coe v. Bell*, 161 F. 3d 320, 343 (6th Cir. 1998). Significantly, a habeas petitioner must show that a witness' statement was "indisputably false," rather than misleading, to establish a claim of prosecutorial misconduct or a denial of due process based on the knowing use of false or perjured testimony. *Byrd v. Collins*, 209 F. 3d 486, 517-18 (6th Cir. 2000). Moreover, a habeas petitioner has the burden of establishing a *Giglio* violation. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 684 (E.D. Mich. 2003). A habeas petition should be granted if perjury by a government witness undermines the confidence in the outcome of the trial. *Id.*

Mere inconsistencies in a witness' testimony do not establish the knowing use of false testimony by the prosecutor. *Coe*, 161 F. 3d at 343; *Malcum,* 276 F. Supp. 2d at 684. Additionally, the fact that a witness contradicts himself or herself or changes his or her story also does not establish perjury either. *Malcum,* 276 F. Supp. 2d at 684 (citing *Monroe v. Smith*, 197 F. Supp. 2d 753, 762 (E.D. Mich. 2001)).

Petitioner has failed to establish that the victim committed perjury. Petitioner points to the fact that the victim's testimony at trial about being shot outside the vehicle was inconsistent with his preliminary examination testimony, in which he testified to being inside a vehicle when he was

shot. Because petitioner merely alleges an inconsistency in the victim's testimony, he has failed to establish that the victim committed perjury, so as to entitle him to habeas relief on this claim. *Malcum,* 276 F. Supp. 2d at 684.

Petitioner further alleges that the prosecution withheld exculpatory evidence by failing to disclose a material witness at trial, namely, petitioner's co-defendant, Chauncey Jackson. To the extent that petitioner is claiming that the prosecutor violated state discovery rules, he would not be entitled to habeas relief because that is not a constitutional violation. *See Lorraine v. Coyle,* 291 F. 3d 416, 441 (6th Cir. 2002). To the extent that petitioner is contending that his due process rights were violated, this claim must also fail. Suppression by the prosecution of evidence favorable to the defendant upon request violates due process where the evidence is material to either guilt or punishment of the defendant, irrespective of the good or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). There are three components of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the state, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

Petitioner's *Brady* claim fails for several reasons. First, the record reflects that Chauncey Jackson was a co-defendant and the charges against him were dismissed at the preliminary examination. There is no *Brady* violation where a defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information, or where the evidence is available from another source. *Mahaday v. Cason,* 367 F. Supp. 2d 1107, 1118 (E.D. Mich. 2005)(citing *Carter v. Bell,* 218 F. 3d 581, 601 (6th Cir.2000)). This principle applies in the

9

context of impeachment, as well as exculpatory evidence. *Byrd v. Collins,* 209 F. 3d 486, 517 (6th Cir. 2000). The *Brady* rule does not assist a defendant who is aware of essential facts that would allow him or her to take advantage of the exculpatory evidence at issue. *Coleman v. Mitchell,* 268 F. 3d 417, 438 (6th Cir. 2001). In the present case, petitioner has failed to establish that he was unaware of the existence of Chauncey Jackson as a potential material witness. In fact, as Chauncey Jackson was a co-defendant, petitioner was aware that Jackson was a potential witness.

Moreover, petitioner has failed to show that Chauncey Jackson would have provided exculpatory testimony in petitioner's case. The burden is on a habeas petitioner to prove that evidence that is required to be disclosed to him under *Brady* (*i.e.*., exculpatory evidence) was not disclosed to him. *Coe*, 161 F. 3d at 344. Allegations that are merely conclusory or which are purely speculative cannot support a *Brady* claim. *Burns v. Lafler,* 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004). For the reasons set forth above, the Court finds that Petitioner is not entitled to habeas relief on his second claim.

As to petitioner's third claim, that trial counsel's failure to object to the prosecutor's misconduct constituted ineffective assistance of counsel, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

In the present case, petitioner's trial counsel did not object at trial to minor inconsistencies found within the victim's testimony. Petitioner's claim centers on testimony by the victim as to

where the shooting occurred. At trial, the victim testified that he was shot outside the car door, even though the victim had provided statements prior to trial that he was shot prior to exiting the vehicle. In his closing argument, defense counsel brought up these inconsistencies in the victim's testimony to argue that the victim did not testify truthfully as to whether he was shot inside or outside of the vehicle. The Court thus finds that counsel's decision not to challenge the victim over the minor inconsistency about whether he was shot within the car or outside the car door did not constitute ineffective assistance of counsel. *See Campbell v. United States,* 364 F. 3d 727, 735 (6th Cir. 2004). Counsel's failure to impeach the victim about this inconsistency did not undermine confidence in outcome of the case, since a variety of other impeachment evidence was admitted in this case. *See Wolfe v. Bock,* 412 F. Supp. 2d 657, 676-77 (E.D. Mich. 2006). Moreover, because this discrepancy was a minor difference in the victim's testimony and is not a basis for concluding that the victim perjured himself, defense counsel was not ineffective for failing to assert that the victim perjured himself at trial. *See Greene v. Lafler,* 447 F. Supp. 2d 780, 794 (E.D. Mich. 2006).

Petitioner also contends that trial counsel was ineffective for failing to object to the prosecutor's failure to disclose Chauncey Jackson as a potential witness in this case. The standard of prejudice for an ineffective assistance of counsel claim is the same as the materiality requirement for a *Brady* claim. *See Hutchison v. Bell,* 303 F. 3d 720, 749 (6th Cir. 2002). In light of the fact that petitioner has failed to show that Chauncey Jackson would have provided any testimony that was material or exculpatory, petitioner's related ineffective assistance of counsel claim must also fail.

    **C.**    **Claim #4. Cumulative error claim.**

In his final claim, petitioner alleges that he was deprived of a fair trial because of

cumulative error. The United States Supreme Court "has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Lorraine v. Coyle,* 291 F. 3d 416, 447 (6th Cir. 2002). In other words, the cumulative weight of alleged constitutional trial errors in a state prosecution does not warrant federal habeas relief because there is no clearly established federal law permitting or requiring the cumulation of distinct constitutional claims to grant habeas relief. *Moore v. Parker,* 425 F. 3d 250, 256 (6th Cir. 2005). Therefore, the Court concludes that petitioner is not entitled to habeas relief on the grounds of cumulative error. *Id.*

### IV. Order

Based upon the foregoing, IT IS ORDERED that petitioner's petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.** The Court declines to issue a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court will also deny petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. *Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

S/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
UNITED STATES DISTRICT JUDGE

Dated: April 6, 2009

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 6, 2009.

                                          S/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290